IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCKET SOFTWARE, INC., a Delaware
corporation, and ROCKET SOFTWARE B.V.,
a Netherlands private limited company,

          Plaintiffs/Counter-
          Defendants,

  v.

COLLEGENET, INC, a Delaware
corporation,

          Defendant/Counter
          Claimant.

No. 3:22-cv-00327

OPINION AND ORDER

**BAGGIO, District Judge:**

## I. INTRODUCTION

On September 30, 2024, Magistrate Judge Jeff Armistead issued Findings and Recommendation ("F&R", ECF 99) that recommended denying Plaintiff/Counter-defendants Rocket Software, Inc.'s and Rocket Software, B.V.'s ("Plaintiffs") motion to dismiss Defendant/Counterclaimant CollegeNET's ("Defendant") counterclaim for violation of California's Unfair Competition laws ("UCL") because Defendant pleaded a cognizable violation

1 – OPINION AND ORDER

under the UCL's unfair prong.[1] The F&R also recommended granting Defendant's Motion to Strike. Plaintiffs filed limited objections ("Objs.", ECF 101) and Defendant responded ("Resp.", ECF 102). As set forth below, the Courts adopts the F&R in full.

## II. DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. §§ 636(b)(1)(B), (C). If a party objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* § 636(b)(1)(C). The court is not, however, required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). While the level of scrutiny that the court applies to its F&R review depends on whether a party has filed objections, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

## III. CONCLUSION

Upon review, the Court agrees with Judge Armistead's recommendation, and ADOPTS the F&R (ECF 99) in full. Plaintiffs' Motion to Dismiss Defendant's counterclaim for violation of California's UCL (ECF 30) is DENIED because Defendant can satisfy the UCL's unfair prong, which is sufficient to state a unfair competition claim. *See Daro v. Superior Ct.*, 151 Cal. App. 4th 1079, 1093 (2007). Defendant, nonetheless, is granted leave to amend its claims under the UCL's

---

[1] The F&R finds that Defendant failed to state a viable counterclaim under the UCL's unlawful and fraudulent prongs and recommends dismissing those claims with leave to amend. F&R, 13, 18.

other criteria—the unlawful and fraudulent prongs. Defendant's Motion to Strike (ECF 43) is GRANTED.

Defendant must file any amended pleading within 30 days of the date that this Opinion and Order is filed.

IT IS SO ORDERED.

DATED this 16th day of December 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

3 – OPINION AND ORDER