**Ethan D. Knight (**OSB No. 992984)
ethan.knight@stoel.com
**Elliott J. Williams** (OSB No. 144835)
elliott.williams@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone (503) 294-9364
Facsimile (503) 220-2480

**Michael R. Williams** (Admitted *pro hac vice*)
mwilliams@bklwlaw.com
**Alexis P. Federico** (Admitted *pro hac vice*)
afederico@bklwlaw.com
**Sheila Mojtehedi** (Admitted *pro hac vice*)
sheila@mojtehedi.com
**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

*Attorneys for Defendant and Counterclaimant*
CollegeNET, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROCKET SOFTWARE, INC., a Delaware corporation and ROCKET SOFTWARE B.V., a Netherlands private limited company,<br><br>    Plaintiff,<br><br>v.<br><br>COLLEGENET, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 3:22-cv-00327-AB<br><br>**COLLEGENET'S BRIEF REGARDING PROPOSED JURY INSTRUCTION NO. 36** |
| COLLEGENET, INC., a Delaware corporation,<br><br>    Counterclaimant,<br><br>v.<br><br>ROCKET SOFTWARE, INC., a Delaware corporation and ROCKET SOFTWARE B.V., a Netherlands private limited company,<br><br>    Counterdefendants. | |

After considering the Court's question and looking more deeply into the waiver elements, neither Rocket's nor CollegeNET's previously filed proposed instruction 36 correctly states what CollegeNET must prove Uniface knew to prevail on its waiver affirmative defense.

The model instruction applicable here is CACI No. 336, which specifically applies in breach of contract actions. The first element focuses on the plaintiff's knowledge of the "performance" that it contends was required under the contract: "1. That [name of plaintiff] knew [name of defendant] was required to [*insert description of performance*]." CACI 336 (italics in original). Of course, the jury only reaches the issue of waiver, an affirmative defense, if it finds there has been a breach. Thus, the question the jury must decide as it relates to the waiver affirmative defense is whether the plaintiff waived whatever performance (or lack thereof) it contends constituted the breach.

Here, Rocket contends that CollegeNET was required to pay both the higher and lower royalty percentages (9% and 2%, respectively, under the 2018 Amendment) on all of the fees CollegeNET charged its customers, including both the initial fee and the ongoing fees. *See* ECF 140 (Plaintiffs' Itemized List of Economic Damages). This is the contract "performance" contemplated under the first element of the model instruction.

The second element of the model instruction does not contemplate any customization, and only refers back to the same "performance." Thus, the elements of the jury instruction should be changed to say:

1.      That Uniface knew CollegeNET was required to pay both the higher percentage and the lower percentage set forth in the VARA on all of the fees CollegeNET charged its customers.

2.      That Uniface freely and knowingly gave up its right to have CollegeNET perform this obligation.

Page 1 -  DEFENDANT COLLEGENET, INC.'S BRIEF REGARDING PROPOSED JURY
          INSTRUCTION NO. 36

This accurately captures both the "performance" at issue and Rocket's theory of performance.

Rocket's proposed first element does not focus on knowledge of the performance. Instead, it incorporates what Rocket will *argue* to rebut the second element—that it did not "freely and knowingly" give up the right to have CollegeNET pay the higher royalty percentage on its annual and quarterly fees because it claims it did not know those fees were "license fees." But the model instruction does not provide a bracketed portion in either element for the plaintiff to expand on its theory for why it did not "freely and knowingly" give up the right at issue.

Rocket's approach is also improper because it misstates Rocket's own breach theory by suggesting that only the application of the higher percentage to "license fees" is at issue, which Rocket's damage theory goes further than that and, as noted above, seeks to apply both percentages to all fees.

Rocket's proposed instruction also improperly suggests knowledge about waiver is limited to the statute of limitations period, "on or after September 4, 2017." It defines the period for which Rocket can seek damages, it does not bar the admission of relevant evidence. *Addison v. City of Baker City*, 258 F. Supp. 3d 1207, 1237-38 (Dist. Or. 2017). *See also* ECF No. 170 at p.2 (overruling objections on similar grounds). Moreover, this limitation is likely to confuse the jury, including by improperly suggesting that knowledge Rocket obtained about CollegeNET's licensing model and the fees it charged it customers that Rocket learned prior to the statute of limitations period is not relevant.

Accordingly, CollegeNET respectfully requests the Court adopt CollegeNET's new proposed version of Instruction No. 36 or defer a final decision on this issue until the close of Rocket's case in chief. A copy of the proposed new version Instruction No. 36 is attached to this brief as Exhibit A.

Page 2 -  DEFENDANT COLLEGENET, INC.'S BRIEF REGARDING PROPOSED JURY
       INSTRUCTION NO. 36

Dated:  May 29, 2026

BIENERT KATZMAN LITTRELL WILLIAMS LLP

*/s/ Michael R. Williams*
Michael R. Williams (Admitted *pro hac vice*)
Alexis Paschedag Federico (Admitted *pro hac vice*)
Sheila Mojtehedi (Admitted *pro hac vice*)
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701
mwilliams@bklwlaw.com
afederico@bklwlaw.com
sheila@mojtehedi.com

STOEL RIVES LLP
Ethan D. Knight (OSB No. 992984)
Elliott J. Williams (OSB No. 144835)
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone (503) 224-3380
Facsimile (503) 220-2480
ethan.knight@stoel.com
elliott.williams@stoel.com

*Attorneys for Defendant*
*CollegeNET, Inc.*

Page 3 -  DEFENDANT COLLEGENET, INC.'S BRIEF REGARDING PROPOSED JURY
    INSTRUCTION NO. 36

# EXHIBIT A

<u>Defendant's Amended Proposed No. 36: Affirmative Defense – Waiver</u>

CollegeNET claims that it did not have to pay both the higher percentage and lower percentage set forth in the VARA on all of the fees CollegeNET charged its customers because plaintiff Uniface gave up its right to have defendant CollegeNET perform this obligation. This is called a "waiver."

To succeed, defendant CollegeNET must prove both of the following by clear and convincing evidence:

1. That Uniface knew CollegeNET was required to pay both the higher percentage and the lower percentage set forth in the VARA on all of the fees CollegeNET charged its customers; and

2. That Uniface freely and knowingly gave up its right to have CollegeNET perform this obligation.

A waiver may be oral or written or may arise from conduct that shows Uniface gave up that right.

If CollegeNET proves both the above elements, then CollegeNET was not required to pay both the higher percentage and lower percentage set forth in the VARA on all of the fees CollegeNET charged its customers.

--

**Source**: California Civil Instruction 336, modified for clarity.